UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORDELL G. BASS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:15 CV 939 JMB |
| STANLEY PAYNE,[1] | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Petitioner Cordell G. Bass ("Petitioner") for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition. The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**I.    Procedural Background**

Petitioner is presently incarcerated at the Eastern Reception Diagnostic and Correctional Center pursuant to the sentence and judgment of the Circuit Court of St. Louis City. Petitioner was charged in the Circuit Court of the City of St. Louis with one count of forcible rape, two counts of forcible sodomy, one count of kidnapping, and one count of assault. (Legal File, ECF No. 13-3, at 13-15) In the Indictment, the State charged Petitioner as a prior and persistent offender based on Petitioner pleading guilty to two felonies in May 1996 in two separate cases: Trafficking in the Second Degree (Cause No. 22951-0004243A) and Unlawful Use of a Weapon (Cause No. 22951-0002436). (Id. at 15-17) On July 12 and 13, 2010, a jury trial was held, and

---

[1] Petitioner is currently incarcerated at Eastern Reception Diagnostic Correctional Center ("ERDCC") in Bonne Terre, Missouri. When Petitioner filed this action, Terry Russell was the Warden at ERDCC. Because Stanley Payne is the current Warden of ERDCC, he is Petitioner's custodian. Stanley Payne should be substituted for Terry Russell as the proper party respondent in this cause. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District.

1

Petitioner testified. (ECF Nos. 13-1 and 2, at 203-13) On July 13, 2010, a jury convicted Petitioner of kidnapping and assault but acquitted him of the forcible rape and sodomy charges. (ECF No. 13-3, at 51-55) The trial court sentenced Petitioner as a prior and persistent offender to two concurrent sentences of eighteen years on each count. Id. at 60-63. On direct appeal, Petitioner challenged the trial court's denial of his motion for judgment of acquittal at the close of the evidence, arguing that the State failed to prove beyond a reasonable doubt he kidnapped C.H. (ECF No. 13-4) The Missouri Court of Appeals affirmed Petitioner's convictions on direct appeal on September 27, 2011. State v. Bass, 349 S.W.3d 473 (Mo. Ct. App. 2011) (ECF No. 13-6).

Petitioner filed a pro se motion for post-conviction relief under Missouri Rule 29.15. (ECF No.13-7, at 4-16) After appointment of counsel, Petitioner requested an evidentiary hearing and filed an amended post-conviction relief motion in which he alleged the following ineffective assistance of counsel claims: (1) counsel failed to object when the State introduced evidence that Petitioner initially refused to make a statement when questioned by police; (2) counsel failed to object when the State cross-examined him about his prior criminal convictions beyond the permitted scope; and (3) counsel stipulated that Petitioner was a prior and persistent offender. (Id. at 29-44) On June 6, 2014, the motion court denied Petitioner's amended motion and his request for an evidentiary hearing. (Id. at 47-60)

In his appeal from the denial of post-conviction relief, Petitioner raised the same ineffective assistance of counsel claims that he raised in his amended post-conviction motion. (ECF No.13-8) On March 10, 2015, the Missouri Court of Appeals affirmed the denial of post-conviction relief. State v. Bass, 457 S.W.3d 394 (Mo. Ct. App. 2015) (ECF No. 13-10, at 1-13) Petitioner timely filed this petition for relief pursuant to 28 U.S.C. § 2254 on June 11, 2015. (ECF No. 1)

## II. Factual Background – Trial Evidence

In the evening of September 29, 2007, C.H., the state's witness, was waiting at the bus stop at Grand and Broadway. (ECF No. 13-2, Tr. II, at 14-16) Petitioner drove to the bus stop and C.H. asked Petitioner for a ride. Id. at 16-19. C.H. testified that she recognized Petitioner having seen him around the Walnut Park neighborhood but she did not know his name. Id. After entering his car, Petitioner drove C.H. against her will to a remote location and directed her to perform oral intercourse. Id. at 20-23. After realizing Petitioner was not armed, C.H. attempted to get out of the car by scratching, kicking, and biting Petitioner. Id. at 23-24. C.H. exited the car, and Petitioner followed and grabbed C.H. by her hair and started hitting her face against the car and biting her right arm. Id. at 24-25, 36. Petitioner placed his penis in C.H.'s rectum and then in her vagina. Id. at 26-27. After C.H. attempted to run away, Petitioner started hitting her with his belt. Id. at 29. After C.H. picked up a rock and hit Petitioner with it, C.H. ran and hid under a truck. Id. at 29. After looking for C.H. and not being able to find her, Petitioner drove away. Id. at 29-30.

After escaping from Petitioner, C.H. testified that she contacted the police and was taken to the hospital to have a rape test collected. Id. at 34-36, 107-14. Plaintiff received two sutures for her fractured right eye. Id. at 34-35, 113.

Petitioner testified that although he did not know C.H., he approached C.H. after he saw her sitting on a bench at a filling station, and she agreed to ride with him. Id. at 204-06. After driving a few feet away, Petitioner stopped and exited his car to urinate. As he returned to his car, Petitioner testified that he noticed C.H. rummaging through his arm rest so he hit her several times and punched her in the face, pulled her out of the car, threw C.H to the ground, and then drove away. Id. at 206-07, 209. Petitioner denied that he raped and sodomized C.H. Id. at 210.

C.H. provided a description of Petitioner to the police, but the police were not able to locate Petitioner until 2009. Id. at 39-40, 74. The DNA analysis showed that Petitioner's DNA was

3

present on C.H.'s nail clippings and on the swab from the bite marks on C.H.'s forearm.  Id. at 189-90.

### III.  Legal Standard

When a claim has been adjudicated on the merits in state court proceedings, habeas relief is permissible under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), only if the state court's determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result."  Brown v. Payton, 544 U.S. 133, 141 (2005).  "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'"  Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)).  "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief."  Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 544 U.S. at 141; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new

4

context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 406. "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410–11).

When reviewing whether a state court decision involves an "unreasonable determination of the facts," state court findings of "basic, primary, or historical facts" are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007) (citations omitted); 28 U.S.C. § 2254(e)(1). Erroneous findings of fact by the state courts do not ensure the grant of habeas relief. Rather, the determination of these facts must be unreasonable in light of the evidence of record. Sittner v. Bowersox, No. 4:12 CV 1156 CDP, 2017 WL 5518025, at *3 (E.D. Mo. Nov. 17, 2017) (citing Collier, 485 F.3d at 423).

## IV. Discussion

Petitioner asserts the following four grounds for relief: (1) ineffective assistance of trial counsel (a) for not entering the police report and deposition into evidence; (b) for not using a map or diagram; (c) for stipulating to his prior and persistent offender status for sentencing purposes; (d) for not using a deposition to show a prior inconsistent statement; and (e) for not knowing Petitioner's charges in the Rule 29.11 motion; (2) C.H.'s conflicting testimony about the location of the crime and the identity of the perpetrator; (3) the sufficiency of the evidence to support the jury's finding of guilt of first-degree assault based on a nurse's testimony; and (4) ineffective assistance of appellate counsel and post-conviction counsel.

Respondent contends that Petitioner procedurally defaulted most of his claims. Regarding Petitioner's ineffective assistance of trial counsel claims in Ground 1, Respondent contends that Petitioner has preserved only his claim that his attorney provided constitutionally

ineffective representation when he stipulated that Petitioner was a prior and persistent offender. According to Respondent, Petitioner defaulted his other ineffective assistance of trial counsel claims because they were not raised in his amended Rule 29.15 motion or in his Rule 29.15 appeal. Respondent contends that the state court decisions regarding the prior and persistent offender issue were reasonable and entitled to AEDPA deference. Respondent next contends that Petitioner procedurally defaulted Grounds 2 and 3, by failing to present these claims to the Missouri state courts. Respondent contends that the claim of ineffective assistance of post-conviction counsel in Ground 4 is not cognizable, and the claim of ineffective assistance of appellate counsel is procedurally defaulted because he did not present this claim in his amended Rule 29.15 motion or Rule 29.15 appeal.

### A. **Procedurally Defaulted Claims**

In Ground 1, Petitioner asserts, in part, claims of ineffectiveness of trial counsel: for not entering the police report and deposition into evidence; for not using a map or diagram; for not using a deposition to show a prior inconsistent statement; and for not knowing his charges in the Rule 29.11 motion. In Ground 2, Petitioner asserts that C.H. presented conflicting stories about the location of the crime and the identity of the perpetrator.[2] In Ground 3, Petitioner asserts insufficiency of the evidence to support the jury's finding of guilt of first-degree assault based on a nurse's testimony. In Ground 4, in part, Petitioner asserts generalized allegations of ineffective assistance of appellate counsel.[3]

---

[2] To the extent this ground can be construed as raising a challenge to the sufficiency of the evidence, this Court lacks jurisdiction over this ground because its jurisdiction exists only when such relief is sought by persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As raised by Respondent, "[t]he factual truth of [Petitioner's] assertions fails to show the unconstitutionality of the conviction." (ECF No. 13 at 5)
[3] The fact that Petitioner arguably raised some of his defaulted claims in his pro se Rule 29.15 motion does not cure any default. "Under Missouri law, an amended Rule 29.15 motion supersedes any *pro se* motion." Wilson v. Lewis, 2016 WL 8652296, at *13, 4:14 CV 72 RWS

Under the doctrine of procedural default, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." Martinez v. Ryan, 566 U.S. 1, 9 (2012). Claims that have not been fairly presented to the state courts are procedurally defaulted and may not give rise to federal habeas relief unless the petitioner establishes "cause for not presenting the claim on post-conviction appeal and prejudice from the failure, or a fundamental miscarriage of justice — meaning that he is actually innocent." Storey v. Roper, 603 F.3d 507, 523-24 (8th Cir. 2010) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991), and Schlup v. Delo, 513 U.S. 298, 324 (1995)).

Petitioner did not raise any of these claims in his amended post-conviction motion or on direct appeal so these grounds have not been asserted before any state court. Because Petitioner failed to raise these claims in any state court proceeding, he is procedurally barred from pursuing them here. Coleman, 501 U.S. at 731-32; Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default). The Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice resulted from the alleged constitutional violation, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750. Petitioner alleges no cause for his default of these claims or actual prejudice resulting from the alleged constitutional errors. Nor has Petitioner shown that a fundamental miscarriage of justice would occur if the Court were not to review the merits of these claims. Petitioner has presented no new evidence of actual innocence and has shown no constitutional violation that probably resulted

---

(JMB) (E.D. Mo. Dec. 30, 2016) (citing Leach v. State, 14 S.W.3d 668, 670 (Mo. banc. 2000) (holding that claims included in a pro se 29.15 motion, but not in a subsequent amended 29.15 motion were not properly before the 29.15 motion court)).

in the conviction of one who is actually innocent. Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006). Accordingly, Petitioner procedurally defaulted all of his claims of ineffective assistance of trial counsel in Ground 1, except for his claim that counsel erred in stipulating to his prior and persistent offender status.[4] Likewise, Petitioner procedurally defaulted the claims raised in Grounds 2 and 3, and his claim of ineffective assistance of appellate counsel in Ground 4.[5]

### B. Ground 1: Ineffective Assistance of Counsel

In Ground 1, Petitioner asserts an ineffective assistance of trial counsel claim due his counsel stipulating to his prior and persistent offender status for sentencing purposes.

To prevail on an ineffective assistance of counsel claim, a petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 688 (1984). With respect to the first Strickland prong, there is a strong presumption that counsel's conduct falls within the wide range

---

[4] To the extent Petitioner's claims may be read to assert under Martinez that ineffective assistance of post-conviction counsel should excuse procedurally defaulted claims of ineffective assistance at trial, Petitioner has failed to establish cause under Martinez by showing "appointed counsel in the initial-review collateral proceeding … was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984)." Martinez v. Ryan, 566 U.S. 1, 14 (2012). "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the [underlying] claim has some merit." Id. at 14. Petitioner fails to satisfy this standard. The record of Petitioner's post-conviction proceedings, including the amended post-conviction motion, establishes that post-conviction counsel performed a full review of Petitioner's case and was familiar with the evidence presented at trial and the relevant legal issues. (ECF No. 22-46) Accordingly, Petitioner cannot establish that post-conviction counsel's decision to raise certain issues in the amended post-conviction motion and omit others was not a reasonable exercise of professional judgment. Furthermore, Petitioner cannot establish that the claims are substantial claims of ineffective assistance of trial counsel. In light of the presumption that counsel acted reasonably, Petitioner cannot show that post-conviction counsel provided ineffective assistance under Strickland by not asserting these claims in his amended post-conviction motion.

[5] The Court will address below Petitioner's claim of ineffective assistance of post-conviction counsel, as raised in Ground 4.

of professionally reasonable assistance. Id. at 689. Thus, "counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," and the "burden to show that counsel's performance was deficient rests squarely on the defendant." Burt v. Titlow, 134 S. Ct. 10, 17 (2013) (quotation marks and citation omitted). A reviewing court must refrain "from engaging in hindsight or second-guessing of trial counsel's strategic decisions." Abernathy v. Hobbs, 748 F.3d 813, 816 (8th Cir. 2014) (citation omitted).

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "Merely showing a conceivable effect is not enough; a reasonable probability is one sufficient to undermine confidence in the outcome." Paulson v. Newton Corr. Facility, 773 F.3d 901, 904 (8th Cir. 2014) (citation omitted). Although Strickland requires a showing of both deficient performance and prejudice, a "finding that no prejudice exists is sufficient to conclude that counsel was not constitutionally ineffective — [courts] need not first make a determination regarding deficiency." Holder v. United States, 721 F.3d 979, 987 (8th Cir. 2013).

> "Taken together, AEDPA and Strickland establish a 'doubly deferential standard' of review." Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012) (quoting Cullen v. Pinholster,563 U.S. 170, 202 (2011)).
>
> First, under Strickland, the state court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. Strickland, 466 U.S. at 696. . . . To satisfy Strickland, the likelihood of a different result must be "substantial, not just conceivable." Id.
>
> Under AEDPA, [federal courts] must then give substantial deference to the state court's predictive judgment. So long as the state court's decision was not "contrary to" clearly established law, the remaining question under the "unreasonable application" clause of § 2254(d) is whether the state court's determination under the Strickland standard is unreasonable, not merely whether it is incorrect. [Harrington v. Richter, 562 U.S. 86, 112, 101], 131 S. Ct. 770,

9

792, 785 (2011). This standard was meant to be difficult to meet, and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at [102].

Williams, 695 F.3d at 831-32. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 562 U.S. at 105.

In denying Petitioner's ineffective assistance of trial counsel claim, the post-conviction motion court opined that Petitioner argued that his "counsel was ineffective for the stipulation but the motion does not assert that the crimes that were the subjects of the two 1996 guilty pleas occurred at the same time such that counsel should not have agreed to the stipulation. If the crimes did in fact occur at different times, how could counsel have caused [Petitioner] prejudice? [Petitioner] is required to factually plead both that counsel was ineffective and he suffered prejudice. He has not done so." (ECF No. 13-7 at 6-7) (internal footnote omitted).

The Missouri Court of Appeals applied the Strickland standard to Petitioner's ineffective assistance claim. (ECF No. 13-10) With respect to the decision to stipulate that Petitioner was a prior and persistent offender under § 558.016, Mo. Rev. Stat., the Missouri Court of Appeals considered the claim and found it was meritless:

> The motion court denied [Petitioner's] claim, finding trial counsel only stipulated to the two prior crimes to which [Petitioner] pled guilty in 1996. Further, the motion court took judicial notice of its own file, which proved the two crimes pled to in 1996 occurred at different times.
>
> Missouri defines a prior offender as one who has pled guilty to or been found guilty of one felony. Section 558.016.2. A persistent offender is one who has pled guilty to or been found guilty of two or more felonies committed at different times. Section 558.016.3. The information charged [Petitioner] as a prior and persistent offender, in that he pled guilty to two felonies in 1996 in two separate cases, to-wit: drug trafficking in the second degree in cause No.22951-0004243A, and unlawful use of a weapon in cause No. 22951-0002436. [Petitioner] admitted via his testimony at trial that he pled guilty to these two felonies, and [Petitioner's] admissions to two prior felonies at different times provides a sufficient basis to establish his status as a prior and persistent offender. State v. Gibbs, 306 S.W.3d

10

> 178, 183 (Mo.App. E.D. 2010); State v. Johnson, 237 S.W.3d 277, 284 (Mo.App. E.D. 2007) (when defendant admits on the record that he committed previous felony crimes, the State is relieved of the burden of proving all of the matters that ordinarily would be required to establish prior convictions). Additionally, the trial court had taken judicial notice of its own files as proof the two felonies occurred at different times, which [Petitioner] has not presented facts in the record to dispute. As such, counsel was not ineffective for stipulating to [Petitioner's] prior and persistent offender status.

Id. at 11-12.

Petitioner has not established that he is entitled to relief under the "doubly deferential" standard that applies to ineffective-assistance claims. Titlow, 134 S. Ct. at 13. First, he has not met his burden to show that the decision by trial counsel was deficient and caused him prejudice. Second, he has not shown that the decisions of the Missouri courts were contrary to, or an unreasonable application of, Strickland or that the courts unreasonably applied Strickland to the facts in this case. Petitioner is not entitled to relief under 28 U.S.C. § 2254 on his ineffective-assistance of counsel claim.

### C. Ground 4: Ineffective Assistance of Appellate and Post-Conviction Counsel

Petitioner asserts ineffective assistance of appellate and post-conviction counsel by counsels' failure to include arguments he requested. Petitioner claims that he received ineffective assistance of post-conviction counsel for counsel's failure to raise during the post-conviction proceedings various claims. The Court has already found Petitioner's claim of ineffective assistance of appellate counsel to be procedurally defaulted. Respondent argues that Petitioner's claim of ineffective assistance of post-conviction counsel is not cognizable as an independent claim for federal habeas relief.

The Court finds as not cognizable, Petitioner's independent claim of ineffective assistance of post-conviction counsel. This claim is not cognizable because "[t]here is no federal constitutional right to post-conviction counsel … [and as a result,] ineffective assistance of post-

conviction counsel is not a ground for federal habeas relief." Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir. 2005) (citing 28 U.S.C. § 2254(i)); Yarberry v. Sachse, 2013 WL 3231539, at *5 (W.D.Mo. June 26, 2013) ("If petitioner intends to assert an independent claim of ineffective assistance of post-conviction counsel, petitioner's claim is not cognizable in federal habeas."); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Regardless of whether Petitioner's post-conviction relief counsel was ineffective, this claim is not cognizable under § 2254, and Petitioner's claim for relief fails.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the petition of Cordell G. Bass for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) be **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that no certificate of appealability be granted, because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 123 S. Ct. 1029, 1040 (2003) (standard for issuing a certificate of appealability).

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of August, 2018.